UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

   v.                                Criminal No. 12-cr-109-01-JL

David Peters

## ORDER OF DETENTION PENDING TRIAL

In accordance with 18 U.S.C. § 3142(f), a hearing was conducted on September 4, 2012, to determine whether to detain the defendant, David Peters, who has been charged by indictment with one count of conspiracy to commit bank robbery, in violation of 18 U.S.C. §§ 371 and 2113(a) and one count of aiding and abetting bank robbery, in violation of 18 U.S.C. §§ 2 and 2113(a). The court issued its detention order orally from the bench, and this written order incorporates by reference those findings and rulings.  See 18 U.S.C. § 3142(i)(1).

### Legal Standards

Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141-3156, "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings" to the circumstances listed in 18 U.S.C. § 3142(f)(1) and (f)(2). United States v. Ploof, 851 F.2d 7, 10

(1st Cir. 1988).  In this case, the government argued that a detention hearing was warranted under 18 U.S.C. § 3142(f)(1)(A) (crime of violence) and 18 U.S.C. § 3142(f)(2)(A) (serious risk the defendant will flee).  Defendant did not dispute that conspiracy to commit bank robbery and aiding and abetting bank robbery are crimes of violence.  Because defendant is charged with crimes of violence, see United States v. Mitchell, 23 F.3d 1, 3 (1st Cir. 1994) (aiding and abetting a crime of violence is a crime of violence), I find that the detention hearing was authorized under § 3142(f)(1)(A).

Pursuant to § 3142(f), the court must determine whether any condition or combination of conditions set forth in § 3142(c) will reasonably assure the appearance of the defendant ("risk of flight") and the safety of any other person and the safety of the community ("dangerousness").  18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991).  In making this determination, the court must consider the following:  (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.  18 U.S.C. § 3142(g)

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the court that no condition or combination of conditions will reasonably assure (1) the defendant's presence at trial, United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988); or (2) the safety of another or the community. Patriarca, 948 F.2d at 793. For its part, the government is required to prove risk of flight by a preponderance of the evidence and to establish dangerousness by clear and convincing evidence. See id. at 792-93.

**Findings and Rulings**

In the instant case, the government argued that defendant's release posed a serious risk of flight and danger. After weighing the evidence and balancing the factors laid out in 18 U.S.C. § 3142(g), the court finds that the government met its burden of proof only on dangerousness. The court issued its ruling and explained its rationale orally from the bench. The court incorporates its oral ruling herein, and for the reasons stated on the record, finds that the government met its burden of proving that defendant's release, even on strict conditions, presents too serious a risk of danger. In short, there are no conditions or combination of conditions that will reasonably

assure the safety of the community.  Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correctional facility, to be held separately, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the correctional facility shall deliver the defendant to the United States Marshal for the purpose of appearing in connection with court proceedings.

SO ORDERED.

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  September 5, 2012

cc:   David H. Bownes, Esq.
      Jennifer C. Davis, Esq.
      U.S. Marshal
      U.S. Probation